UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY MITCHELL and GARY J. MITCHELL,<br><br>Plaintiffs,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC,<br><br>Defendant. | Case No. 1:24-cv-3655-SCJ-CCB |

**DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S
REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS**

COMES NOW Defendant BMW Financial Services NA, LLC ("BMW FS"), reserving its defenses under Rule 12 of the Federal Rules of Civil Procedure and any other defenses available under state and/or federal law, and hereby moves this Honorable Court to compel arbitration of Plaintiffs' claims pursuant to the Federal Arbitration Act ("FAA"), 9 *U.S.C.* §§ 1, et seq., and the binding Arbitration Clause between Plaintiffs and BMW FS. In further support of this Motion, BMW FS states as follows:

**ARGUMENT**

Plaintiffs' claims against BMW FS are subject to the valid and enforceable Arbitration Clause in the Contract.  Plaintiffs' common law and statutory claims,

which are predicated on the payments made pursuant to the Contract and the credit reporting on the Account, fall within the scope of the Arbitration Clause. The Arbitration Clause is neither procedurally nor substantively unconscionable. BMW FS has not waived its right to arbitrate. For all of these reasons, Plaintiffs' claims against BMW FS must be compelled to arbitration.

## I.     The Arbitration Clause Is Valid and Enforceable

Plaintiffs contend that the Arbitration Clause is somehow invalidated because it provides that either party "may choose to have any dispute between us decided by arbitration and not in a court or by jury trial." (Ex. A, p. 5)  Plaintiffs believe the use of the word "may" works to allow them to litigate rather than arbitrate their claims simply because they filed a Complaint. Plaintiffs' interpretation is incorrect.

The Arbitration Clause addresses the exact situation before this Court, where Plaintiffs sought to litigate their claims, and BMW FS has exercised its right to have the claims arbitrated by filing a Motion to Compel Arbitration. The Arbitration Clause provides:

> If a party files a lawsuit in court asserting any Claim that is subject to arbitration and the other party files a motion to compel arbitration with the court which is granted, it will be the responsibility of the party prosecuting the Claim to select an arbitration administrator in accordance with this paragraph and commence the arbitration proceeding in accordance with the administrator's rules and procedures.

(Ex. A, p. 5)

Plaintiffs' decision to file a lawsuit does not obviate BMW FS's rights to have the claims arbitrated. Plaintiffs' claims against BMW FS plainly fall within the scope of the Arbitration Clause, and BMW FS has elected to demand arbitration. Upon granting of BMW FS's Motion to Compel Arbitration, it will be Plaintiffs' responsibility to select the American Arbitration Association ("AAA") or JAMS, and commence the arbitration of their claims in accordance with its rules and procedures.

## II.    Plaintiffs' Claims Are Within The Scope Of The Arbitration Clause

Plaintiffs' Complaint asserts claims for breach of contract and violations of the Fair Credit Reporting Act, 15 *U.S.C.* §1681s-2 ("FCRA") against BMW FS. In support of their claims, Plaintiffs allege they made all payments due under the Contract, but BMW FS later added a balloon payment in violation of the Contract. *Complaint* ¶9. Plaintiffs also allege BMW FS reported inaccurate information about their payment history on the Account to the consumer reporting agencies. *Id. at* ¶32.

Plaintiffs now posit that their FCRA claims are statutory claims and therefore fall outside the scope of the Arbitration Clause. Plaintiffs are wrong. Their FCRA claims fall squarely within the scope of the Arbitration Clause, which states:

> "**Claim**" broadly means any claim, dispute, or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns … which arises out of or relates to my credit application, the sale, purchase, lease, or condition of the Vehicle,

3

this Contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract).

(Ex. A, p. 5)

The definition of "Claim" provided by the Arbitration Clause specifically includes statutory claims. It includes claims which arise out of or relate to the Contract, and any resulting transaction or relationship. This definition encompasses Plaintiffs' FCRA claims which are based on BMW FS's reporting of Plaintiffs' payments due under the Contract.

Moreover, Plaintiffs have failed to demonstrate that Congress did not intend FCRA claims to be subject to arbitration. Courts have held that federal law imposes no such restrictions, and that FCRA claims are arbitrable. *See Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008) (holding that plaintiff's FCRA claims fell within the terms of the loan agreement's arbitration clause); *Campbell v. Verizon Wireless, LLC*, No. 14-0517-WS-N, 2015 WL 416484, at *8 (S.D. Ala. 2015) (holding that plaintiff's FCRA claim was arbitrable because plaintiff had pointed to no clear, specific expression by Congress that claims brought under the FCRA should not be referred to arbitration); *Pilitz v. Bluegreen Corp.*, No. 6:11-cv-388-Orl-19KRS, 2011 WL 3359641, at *3 (M.D. Fla. 2011) (holding that plaintiff's FCRA claim was covered by the express terms of the arbitration agreement); *Everett v. Screening Reports, Inc.*, 117-cv-00071-ELR-CMS, 2017 WL 8186823 at *2 (N.D. Ga. May 5, 2017) (finding that courts in this circuit (and elsewhere) have

4

found that FCRA claims are arbitrable); *Johnson v. Springleaf Financial Services*, 2:15-cv-1268-RDP, 2015 WL 4985472 at *2 (N.D. Ala. Aug. 20, 2015) (finding that the plaintiff's FCRA claim was arbitrable because the court "cannot say that Congress did not intend FCRA claims to be subject to arbitration"); *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1361-63 (S.D. Fla. 2013) (granting motion to compel arbitration of FCRA claim); *Heim v. Barclays Bank Delaware*, No. 122CV04067ELRCMS, 2022 WL 18777555, at *1 (N.D. Ga. Nov. 28, 2022), *report and recommendation adopted*, No. 122CV04067ELRCMS, 2022 WL 18777558 (N.D. Ga. Dec. 27, 2022).

All of Plaintiffs' claims against BMW FS fall squarely within the scope of the Arbitration Clause. FCRA claims are arbitrable. As such, all of Plaintiffs' claims are subject to arbitration in accordance with the Arbitration Clause.

### III. The Arbitration Clause Was Not Unconscionable

Under Georgia law, the party seeking to compel arbitration carries the burden of demonstrating that a valid agreement to arbitrate exists. *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016). As set forth in its moving papers and herein, BMW FS has met its burden in demonstrating the existence and terms of the valid Arbitration Clause that it seeks to enforce. Plaintiffs, "[t]he party challenging enforcement of an arbitration agreement bears the burden of establishing a defense to the enforcement of the agreement." *Parnell v. CashCall, Inc.*, 181

5

F.Supp.3d 1025, 1035 (N.D. Ga. Mar. 14, 2016). Here, Plaintiffs seek to avoid the Arbitration Clause by vaguely claiming it was unconscionable. Plaintiffs have not and cannot meet their burden.

The Georgia Court of Appeals "has defined an unconscionable contract as one that '"no sane man not acting under a delusion would make and that no honest man would take advantage of," ' one that is ' "abhorrent to good morals and conscience,"' and '"one where one of the parties takes a fraudulent advantage of another."'" *Walker v. Morgan & Morgan*, No. CV 224—088, 2024 WL 4453805, at *3 (S.D. Ga. Oct. 9, 2024); *quoting Innovative Images, LLC v. Summerville*, 848 S.E.2d 75, 81 (Ga. 2020) (*quoting NEC Tech., Inc. v. Nelson*, 478 S.E.2d 769, 772 n.2 (Ga. 1996)). Under Georgia law, procedural unconscionability addresses the process of making the contract, while substantive unconscionability looks to the contractual terms themselves." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1377 (11th Cir. 2005) (alteration adopted and quotation omitted).

    a.    **Procedural Unconscionability**

The Arbitration Clause was not procedurally unconscionable. Plaintiffs argue that the Arbitration Clause was procedurally unconscionable because it was "hidden in fine print," they had no notice of its implications, they had no choice to opt out, and that this was a contract of adhesion. *Opposition, p. 3*. In reality, the Arbitration Clause was conspicuously located in the Contract and Plaintiffs were advised of the

6

Case 1:24-cv-03655-SCJ-CCB   Document 6   Filed 10/21/24   Page 7 of 14

scope and effect of the arbitration requirement. An adhesion contract is not per se unconscionable, and there is nothing unfair or oppressive about the Arbitration Clause. Plaintiffs have not and cannot meet their burden to demonstrate that the Arbitration Clause was procedurally unconscionable.

The Arbitration Clause is called out in all capital letters in paragraph 18, shaded for additionally visibility within the document, and titled "**ARBITRATION CLAUSE**."

Directly below, in red capital letters, the Contract reads:

> **PLEASE REVIEW – IMPORTANT – AFFECTS OUR LEGAL RIGHTS**

(Ex. A at p. 4-5, ¶18)

The Contract was signed by both Plaintiffs. The section that contained their signature lines again called out the Arbitration Clause and read:

> **IMPORTANT: READ THE ADDITIONAL TERMS ON ALL PAGES OF THIS CONTRACT BEFORE SIGNING BELOW.**
>
> By signing below, I agree to all the terms of this Contract. I also acknowledge and agree to the Arbitration Clause in Section 18 of this Contract.

(Ex. A at p. 6, ¶19).

The Arbitration Clause details the scope and effect of the arbitration requirement. These qualities are comparable to provisions that other courts found to be adequately conspicuous. *See In re Checking Acct. Overdraft Litig.*, 459 F. App'x 855, 859 (11th Cir. 2012) (finding that an arbitration provision was

7

conspicuous because it was capitalized in the table of contents, written in bold type, and detailed the scope of the provision).

Plaintiffs' description of the Arbitration Clause as a contract of adhesion does not work to invalidate it. To prove the Arbitration Clause was a contract of adhesion, Plaintiffs had to show that they lacked "a meaningful choice" and that the Arbitration Clause was "inherently unfair or oppressive." *Drawdy v. Don Jackson Chrysler Dodge Jeep, Inc.*, No. 114 CV 03490W SDWEJ, 2015 WL 12591774, at *2 (N.D. Ga. Feb. 5, 2015)  Plaintiffs have done neither. "[U]nder Georgia law, an adhesion contract is not per se unconscionable." *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1265 (11th Cir. 2017) (citations and internal quotations omitted). The Eleventh Circuit has also "rejected the argument that 'a consumer may not be bound by a term contained within a standardized adhesion contract merely because he has not been offered an opportunity to opt out of that provision.'" *In re Checking Acct. Overdraft Litig.*, 856 F. App'x 238, 247 (11th Cir. 2021) quoting *Larsen v. Citibank FSB*, 871 F.3d 1295, 1311-12 (11th Cir. 2017).

Plaintiffs have not shown that the Arbitration Clause is inherently unfair or oppressive. There "is nothing inherently unfair or oppressive about arbitration clauses" in general. *Coleman v. Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986) (per curiam). This is demonstrated by the passage of the FAA, which established a strong federal policy in favor of arbitration. *See Shearson/Am.*

*Exp., Inc. v. McMahon*, 107 S. Ct. 2332, 2337 (1987).  Moreover, well-established Georgia law provides that "the mere existence of an arbitration clause does not amount to unconscionability." *Saturna v. Bickley Constr. Co.*, 252 Ga.App. 140, 555 S.E.2d 825, 827 (2001) (quotation omitted).

For these reasons, Plaintiffs have not met their burden to demonstrate that the Arbitration Clause was procedurally unconscionable.

### b. Substantive Unconscionability

Likewise, the Arbitration Clause was not substantively unconscionable. "As to the substantive element of unconscionability, courts have focused on matters such as the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of risks between the parties, and similar public policy concerns." *Payne v. Savannah College of Art and Design, Inc.*, 81 F.4th 1187, 1194–95 (11th Cir. 2023) quoting *NEC Techs.,* 478 S.E.2d at 772.

Plaintiffs argue that the Arbitration Clause is unconscionable because arbitration limits the discovery process and deprives them of their ability to fully investigate and present their claims under the FCRA.  This contention fails.  Both the AAA and JAMS rules provide for discovery.  *See AAA Consumer Rules R-22; JAMS Comprehensive Rules R. 17*, *JAMS Streamlined Rules R. 13*.

Moreover, as a general matter, arbitration provisions do not violate Georgia public policy. "Georgia has also enacted an Arbitration Act, OCGA § 9–9–1 et seq.,

9

evidencing the legislature's conclusion that arbitration is not in violation of the public policy of this State" and is thus not unconscionable per se. *Results Oriented, Inc. v. Crawford*, 538 S.E.2d 73, 78 (Ga. Ct. App. 2000). "What the Legislature allows cannot be contrary to public policy." *NEC Techs.*, 478 S.E.2d at 769. Plaintiffs failed to put forth any evidence or arguments that would take the Arbitration Clause outside this general rule. In addition, as set forth above, Plaintiffs have not identified any clear, specific expression by Congress that claims brought under the FCRA should not be referred to arbitration.

Plaintiffs also contend that they may face prohibitive costs in arbitration. Again, this argument lacks any foundation or merit. Plaintiffs will not face prohibitive costs filing their claims in either forum. If Plaintiffs file in the AAA, they would be responsible for a nonrefundable filing fee capped in the amount of $200. All other costs are borne by the business. *See AAA Consumer Arbitration Rules, Costs of Arbitration*. If Plaintiffs file in JAMS, "the only fee required to be paid by the consumer is $250, which is approximately equivalent to current court filing fees. All other costs must be borne by the company, including any remaining JAMS Filing Fee, Case Management Fee and all professional fees for the arbitrator's services." *See JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness, No. 7*. Plaintiffs will not be

responsible for any prohibitive fees. The Arbitration Clause is not substantively unconscionable.

## IV. BMW FS Has Not Waived Its Right To Compel Arbitration

Contrary to Plaintiffs' contention, BMW FS has not "actively" engaged in litigation such that it "demonstrated an intention to resolve this dispute in court." *Opposition, p. 4.* BMW FS was served with Plaintiffs' Complaint. Plaintiffs declined BMW FS's request that they dismiss the Complaint and proceed in arbitration. BMW FS then responded to the Complaint by filing a Motion to compel arbitration of all of Plaintiffs' claims. There has been no waiver.

The waiver doctrine is usually implicated when parties have "invoked the litigation machinery" before reversing course and claiming that arbitration was the proper avenue all along. *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018) (alteration adopted and quotation omitted); *see also Morgan v. Sundance, Inc.*, 596 U.S. 411, 142 S. Ct. 1708, 1711, 212 L.Ed.2d 753 (2022) ("Sometimes, [defendants] engage in months, or even years, of litigation—filing motions to dismiss, answering complaints, and discussing settlement—before deciding they would fare better in arbitration. When that happens, the court faces a question: Has the defendant's request to switch to arbitration come too late?"). BMW FS did not engage in any litigation in this matter. BMW FS did not engage in litigation and then reverse course, and seek arbitration. Rather, BMW FS

11

responded to Plaintiffs' Complaint by seeking to compel arbitration of all of Plaintiffs' claims. BMW FS has not waived its ability to insist that all of Plaintiffs' claims be arbitrated in accordance with the Arbitration Clause.

## CONCLUSION

Plaintiffs signed the Contract and agreed to the valid and enforceable Arbitration Clause contained therein. Plaintiffs filed this lawsuit, asserting claims against BMW FS which all fall within the scope of the Arbitration Clause. BMW FS has exercised its right to have the claims arbitrated. BMW FS respectfully requests that this Honorable Court grant its Motion and compel arbitration of all of Plaintiffs' claims.

Respectfully submitted this 21st day of October 2024.

                     **HUSCH BLACKWELL LLP**

                     */s/ Madeline Leonard Phifer*
                     Madeline Leonard Phifer, GA Bar No. 383480
                     736 Georgia Avenue, Suite 300
                     Chattanooga, TN 37402
                     Telephone: 423-266-5500
                     Fax: 423-266-5499
                     madeline.leonardphifer@huschblackwell.com

                     *Attorneys For Defendant,*
                     *BMW Financial Services NA, LLC*

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS has been prepared with Times New Roman, 14 point font, one of the font point selections approved by the Court in LR 5.1C.

Dated: October 21, 2024

                                                  **HUSCH BLACKWELL LLP**

                                        */s/ Madeline Leonard Phifer*
                                        Madeline Leonard Phifer, GA Bar No. 383480
                                        736 Georgia Avenue, Suite 300
                                        Chattanooga, TN 37402
                                        Telephone: 423-266-5500
                                        Fax: 423-266-5499
                                        madeline.leonardphifer@huschblackwell.com

                                        *Attorneys For Defendant*
                                        *BMW Financial Services NA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed **DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

NONE

I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

> Gary Mitchell
> 1647 Water Springs Way
> Dacula, GA 30019
>
> Gary J. Mitchell
> 1647 Water Springs Way
> Dacula, GA 30019

*/s/ Madeline Leonard Phifer*
Madeline Leonard Phifer, GA Bar No. 383480
*Attorneys For Defendant*
*BMW Financial Services NA, LLC*

**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423-266-5500
Fax: 423-266-5499
madeline.leonardphifer@huschblackwell.com